UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SHAMECA CAWANIA RODGERS,

    Plaintiff,

v.

                                  Case No. 19-cv-1532-pp

STATE OF WISCONSIN DHS,

    Defendant.

---

**ORDER GRANTING DEFENDANT'S MOTION TO AMEND/CORRECT ANSWER TO ADD SOVEREIGN IMMUNITY AS AN AFFIRMATIVE DEFENSE (DKT. NO. 20), DENYING WITHOUT PREJUDCE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 21) AND SETTING STATUS CONFERENCE**

---

**I.    Procedural History**

On October 18, 2019, the plaintiff, who is representing herself, filed a complaint against the State of Wisconsin DHS. Dkt. No. 1. Magistrate Judge Nancy Joseph granted the plaintiff's second amended motion to proceed without prepaying the filing fee, noting that the plaintiff appeared to allege that the agency retaliated against her for exercising her rights under the Family Medical Leave Act ("FMLA") and/or for filing a charge with the Equal Employment Opportunity Commission. Dkt. No. 8. Judge Joseph ordered the U.S. Marshals Service to serve the summons, complaint and Judge Joseph's order on the defendant. Id. at 6. On January 31, 2020, the defendant filed its magistrate consent form and an executed waiver of service. Dkt. Nos. 11, 12. The same day, the clerk's office reassigned the case to Judge Pepper.

1

The defendant answered the complaint on March 9, 2020. Dkt. No. 14. In response to the court's order, dkt. no. 16, the parties filed their joint Rule 26(f) scheduling plan on March 31, 2020, dkt. no. 17. Based on that plan, the court issued a scheduling order requiring the parties to complete discovery by October 30, 2020 and to file dispositive motions (or a joint status report if they did not plan to file dispositive motions) by December 4, 2020. Dkt. No. 18.

On November 16, 2020—about two weeks after the close of discovery—the defendant filed a motion to amend or correct its answer to add sovereign immunity as an affirmative defense. Dkt. No. 20. In support of that motion, the defendant filed a proposed amended answer to the complaint (dkt. no. 20-1) and a declaration from defense counsel Jefferey Simcox (dkt. no. 20-2). The motion argued, among other things, that the defendant could not be sued in federal court due to sovereign immunity. Dkt. No. 20 at 4.

On December 4, 2020, the defendant filed a motion for summary judgment; as required by this court's Civil Local Rule 56, the defendant included in the motion the relevant federal and local rules, including Civil Local Rule 56(b)(2) which requires a party to oppose a motion for summary judgment within thirty days of the service of that motion. Dkt. No. 21 (see p. 9). In support of the motion, the defendants filed a brief (dkt. no. 22), proposed findings of fact (dkt. no. 23), and four declarations (dkt. nos. 24-27), including a declaration from the defendant's counsel, Jeffery Simcox (dkt. no. 25). The certificate of service indicates that on December 4, 2020, the defendant filed

these documents electronically and mailed them to the plaintiff via first-class mail. Dkt. No. 21-1.

The same day that the court received the defendants' electronically-filed motion for summary judgment, the clerk's office received from the plaintiff a one-page document that began with the sentence, "In response to the DECLARATION OF JEFFERY A. SIMCOX I, Shameca C. Rodgers, do not wish for the case to be dismissed as I have not received any answers, proof or facts regarding my complaint." Dkt. No. 28. The document indicated that it was "[e]xecuted on 12/1/2020." Id. The clerk's office docketed this document as a response to the declaration of Jefferey Simcox in support of the defendant's motion for summary judgment (dkt. no. 25), but it cannot be a response to that declaration because the plaintiff executed the document three days *before* the defendant filed Dkt. No. 25. The court believes the plaintiff was trying to respond to the defendant's motion to amend the complaint to add the affirmative defense of sovereign immunity, which the defendant filed two weeks before the plaintiff executed the document received on December 4, 2020. Dkt. No. 20.

II. **Defendant's Motion to Amend Answer to Add Sovereign Immunity as an Affirmative Defense (Dkt. No. 20)**

The defendant cited Federal Rule of Civil Procedure 15(a)(2) and Civil Local Rule 15 (E.D. Wis.) in support of its request that the court allow it to amend its answer to add sovereign immunity an affirmative defense. Dkt. No. 20 at 2. Defense counsel explained that when it filed its answer in March 2020, the defendant had interpreted the complaint to allege that the defendant had

3

retaliated against the plaintiff for filing a complaint with the EEOC. Id. at 1. The defendant asserted, however, that during an October 26, 2020 deposition, defense counsel learned for the first time that the plaintiff was claiming that the defendant retaliated against her because both because she filed a complaint with the EEOC and because she took FMLA leave. Id. In support of the motion, defense counsel Jefferey Simcox filed a declaration affirming that in March 2020 he'd understood the plaintiff only to be asserting retaliation for filing the EEOC claim, and that it was at the deposition in October 2020 that he learned that she also was asserting retaliation for taking FMLA leave. Dkt. No. 20-2.

In the document dated December 1, 2020, the plaintiff stated that she had "not received any answers, proof or facts regarding [her] complaint." Dkt. No. 28. She said that while defense counsel had had the opportunity to ask her questions, she had "not yet had the opportunity to prove [her] statements and provide sufficient evidence" and that she had not "been able to ask questions and receive feedback regarding the policies and procedures within the State of Wisconsin." Id. After asserting that she did not want the case to be dismissed, the plaintiff requested evidence—proof that she "was not eliminated as a candidate based on having an Intermitted FMLA at the time of the Interview," "proof that the employer assumed that I could not do the job or meet Probationary Periods based on Intermitted FMLA," "proof that the selected candidates were more qualified than [the plaintiff], and similar evidence. Id.

The plaintiff's response did not directly address the defendant's request to amend the complaint, though it expressed concern that the reason the defendant wishes to amend the complaint is to assert a defense that might result in dismissal of her case. Regarding the defendant's motion to amend the complaint, Fed. R. Civ. P. 15 states that leave to amend a pleading should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). The liberal allowance of pleadings reflects the preference that controversies be decided on the merits when practicable. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 520 (7th Cir. 2015). The decision of whether to allow a party to amend is the sole discretion of the trial court. Daugherity v. Traylor Bros., Inc., 970 F.2d 348, 351 (7th Cir.1992). "Although the rule reflects a liberal attitude towards the amendment of pleadings, courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." Campania Mgmt. Co. v. Rooks, Pitts & Poust, 290 F.3d 843, 849 (7th Cir. 2002) (citations omitted).

The court understands why the complaint may have been confusing to the defendant. On pages 2 and 3 of the complaint, the plaintiff mentioned that in 2016 she applied for "Intermittent FMLA due to mental health," stating that she was limited in some daily functions. Dkt. No. 1 at 2. That is the only mention of FMLA leave in the complaint, and it did not state that the plaintiff *took* the FMLA leave. In contrast, the complaint mentioned the EEOC complaint several times, and at one point stated that the plaintiff noticed when

5

reapplying for income maintenance that "EEOC was communicating with State of WI regarding [her] claim." Id. at 4. Given that, it is understandable that the defendant read the complaint to allege that the plaintiff was claiming retaliation for filing an EEOC claim.

On the other hand, in her December 2, 2019 order granting the plaintiff's second motion to proceed without prepaying the filing fee, Judge Joseph described the complaint as stating a retaliation claim related to the plaintiff's FMLA leave and/or the EEOC filing. Dkt. No. 8. The second sentence of her order states: "[The plaintiff's] complaint appears to allege that DHS retaliated against her for exercising her rights under the Family and Medical Leave Act ("FMLA") and/or for filing a charge with the Equal Employment Opportunity Commission ("EEOC")." Id. at 1. On page 4 of the order, Judge Joseph wrote that "[the plaintiff] believes that the agency has denied her promotions in retaliation, apparently for exercising her FMLA rights and/or for filing her EEOC charge. She requests monetary damages and injunctive relief." Id. at 4. Judge Joseph then explained the ways to prove retaliation under the FMLA before separately addressing retaliation based on the filing of an EEOC charge. Id. In the final paragraph of the order, Judge Joseph found that it was "not immediately clear whether Title II of the ADA abrogates state sovereign immunity for [the plaintiff's] retaliation claim against [the defendant]," and could not conclude that the defendant was "clearly immune" from the lawsuit. Id. at 5.

While Judge Joseph's order should have signaled to the defendant that the plaintiff's claim was based on both EEOC and FMLA retaliation, the court is mindful of the fact that courts must freely give leave to amend when justice so requires. The defendant filed the motion shortly after the close of discovery and before the deadline for filing summary judgment motions. While the plaintiff objects that she does not want her case dismissed, allowing the defendant to add an affirmative defense does not necessarily mean that that defense will be successful or will result in dismissal. The court cannot say that the defense would be futile. The court will grant the motion.

## II.     Defendant's Motion for Summary Judgment (Dkt. No. 21)

On December 4, 2020, the defendant filed a motion for summary judgment, provided a copy of the relevant rules to the plaintiff, and filed four declarations in support of the motion. Dkt. Nos. 21, 24, 25, 26, 27. The attached certificate of service indicates that on December 4, 2020, Kelsey Tracy electronically filed the summary judgment materials and sent the materials to the plaintiff via first-class mail. Dkt. No. 21-1. The defendant argues that it is entitled to sovereign immunity on the FMLA claim, that the plaintiff's retaliation claims are unsupported by facts and that she cannot show pretext. Dkt. No. 22.

The plaintiff has not responded to the motion. But the court has several concerns. First, the defendant argues that the court should grant summary judgment because, among other reasons, it is entitled to sovereign immunity. But as noted from the discussion above, it did not raise that defense in its

answer. The defendant could have sought an extension of the deadline for filing summary judgment motions until the court ruled on the motion for leave to amend; it did not. The court has now ruled that the defendant may amend its answer to include that affirmative defense, but as the summary judgment motion stands, it argues a defense that was not asserted in the answer.

Second, and more important, in her response to the defendant's motion for leave to amend the complaint, the plaintiff appears to have asserted that she had not had a chance to conduct discovery, or that she had not had the chance to obtain the discovery that she wanted. The deadline for completing discovery was October 30, 2020. It appears that there was *some* discovery exchanged, because the defendant references its deposition of the plaintiff. The plaintiff did not explain whether she had asked for the information she mentioned in her December 1, 2020 document; she does not explain whether she served the defendant with discovery demands (such as interrogatories, requests for admission or requests for production of documents). She simply states—in a declaration under penalty of perjury—that she has not received the information she describes.

Finally, the plaintiff has not responded to the motion for summary judgment, even though the defendant included with the motion the rule requiring the plaintiff's response to be filed within thirty days (in this case, that would've been by the first week or so of January 2020).

It appears to the court that something has gone sideways in this case. The plaintiff is not a lawyer and likely does not understand court procedures.

8

That does not mean that the plaintiff is excused from complying with the rules; "the Supreme Court has made clear that even *pro se* [self-represented] litigants must follow rules of civil procedure." Cady v. Sheahan, 467 F.3d 1057, 1061 (7th Cir. 2006) (citing McNeil v. United States, 508 U.S. 106, 113 (1993)). But the strange trajectory of the case—the plaintiff filing a response to a motion for leave to amend that asserts that she has not received discovery, the plaintiff's failure to respond to the motion for summary judgment—gives the court reason to suspect that the plaintiff does not understand what is happening or what her obligations are.

To try to get this case on track, the court is going to deny without prejudice the defendant's motion for summary judgment. The court will schedule a telephonic status conference and require the plaintiff to attend. At that conference, the court will try to determine whether the plaintiff served discovery demands, what she meant by stating that she had not received any discovery and whether there is a need to reopen discovery. The court also will use the status conference to determine why the plaintiff did not respond to the summary judgment motion. Once those issues have been settled, the court will allow the defendant the opportunity to either move to reinstate the motion or to amend it to address any new facts or issues that have arisen.

The court **GRANTS** the defendant's motion to amend/correct answer to add sovereign immunity as an affirmative defense. Dkt. No. 20. The court **DIRECTS** the Clerk of Court to docket the defendant's proposed amended answer at dkt. no. 20-1 as the amended answer to the plaintiff's complaint.

The court **DENIES WITHOUT PREJUDICE** the defendant's motion for summary judgment. Dkt. No. 21.

The court **ORDERS** that the parties must appear for a telephonic status conference on **October 19, 2021 at 3:30 PM**. The parties are to appear by calling the court's conference line at 888-557-8511 and entering access code 4893665#.

Dated in Milwaukee, Wisconsin this 30th day of September, 2021.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**